Ritter *v.* Leach et al., Appellants.

Argued October 17, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*E. Spencer Miller,* for appellants, cited: Davidson
v. Bright, 267 Pa. 580; Schoen's Estate, 274 Pa. 28;
Hanhum v. Spear, 1 Yeates 553; Wilhelm's Appeal,
79 Pa. 120; Abrahams v. Baugh, 9 Legal & Ms. Rep.
59.

No appearance and no printed brief for appellee.

OPINION BY GAWTHROP, J., December 12, 1929:

On June 25, 1929, James A. Ritter, the owner of
premises known as 819 North Beechwood Street, in the
City of Philadelphia, filed a petition in the court below,
under the Act of September 6, 1860, P. L 1861, p. 840,
for the extinguishment of a ground-rent held on that
land by appellants in their capacity as trustees under
the will of Wilmon W. Leach, who died September 26,
1926. The petition sets forth that by a certain action
of assumpsit brought against the defendants, as exec-
utors of said estate, on September 13, 1927, the lien
of the claim on which the suit is based was kept alive
for a period of five years from the day on which the suit
was brought. The prayer was in the alternative, the re-
quest being that a decree be entered allowing the peti-
tioner to pay into court the sum required to extinguish
the ground-rent, and authorizing and directing the de-
fendants to extinguish the same of record; or that the
court enter a declaratory judgment that the defendant
trustees are entitled to extinguish the ground-rent, not-
withstanding the lien of the claim on which the above
mentioned suit against the executors of the Leach
Estate is based. All the averments of fact in the peti-
tion were admitted in the answer filed. The court be-
low granted a rule on the defendants to show cause
why the plaintiff should not pay into court the sum
necessary to extinguish the ground-rent and why the

trustees should not be decreed to make a proper extinguishment of the same. The rule contains no referance to the prayer for the entry of a declaratory judgment. After argument upon the rule it was made absolute and the plaintiff was authorized and directed to pay the sum of $1,400 into court. From that order this appeal is taken by the defendants.

We are of one mind that the order which we are asked to reverse will not support an appeal, because it is not a final order, but is purely interlocutory in character.

The Act of 1860, supra, provides that in all cases, in the City and County of Philadelphia, in which ground-rents have been or shall hereafter be created by reservation on the sale of any real estate, and judgments, or other lien or liens have been or shall be obtained against the owners of such ground-rents, it shall and may be lawful for the person or persons desiring to pay off a ground-rent so situated, to apply by petition to the court of common pleas of the said county, praying to be allowed to pay the sum required for the extinguishment of the said ground-rent into court; whereupon, the said court shall make an order for such payment into court; and upon the said sum being paid into court it shall be the duty of the court to make an order on the party or parties in whom is the title to the said ground-rent, to extinguish the same; and it shall be the duty of the court, to proceed immediately, through an auditor, to the distribution of the money so paid into court, with the like forms, and with the like effect, as attend the distribution of moneys paid into court by the sheriff from the sales of real estate.

By the terms of the act it seems entirely clear that the order to pay the money into court is in no sense a final order determining the right of the ground-rent tenant in the fund, but it is to be followed by the order to extinguish the ground-rent and an order following

the distribution proceedings before the auditor. The latter order is the final order which would involve the question of the right of the tenant of the ground-rent to receive payment of the proceeds of the sum paid into court. The order to pay the money into court was the only order which the court had jurisdiction to make on the petition filed and under the rule granted thereon. The act gave the court no authority to enter a declaratory judgment, as prayed for in the petition, and requested in the answer filed, which would decide the question of the proper distribution of the fund.

The appeal is quashed.